# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EARNEST C. ELLIS,
               Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
               Agency.

DOCKET NUMBER
AT-3330-14-0748-I-1

DATE: December 23, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Earnest C. Ellis</u>, Antioch, Tennessee, pro se.

<u>Alan E. Foster</u>, Esquire, Nashville, Tennessee, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his request for corrective action under the Veterans Employment Opportunities Act of 1988 (VEOA) for failure to state a claim upon which relief may be granted. Generally, we grant petitions such as this one only when: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The agency issued a vacancy announcement under merit promotion procedures for a GS-11 Supervisory Diagnostic Radiologic Technologist position at the Tennessee Valley Healthcare System (TVHS).[2] Initial Appeal File (IAF), Tab 11, Subtab 2l. The vacancy announcement indicated that it was open only to current TVHS employees. *Id.* at 1-4. The appellant, a preference-eligible veteran employed as a GS-8 Diagnostic Radiologic Technologist with the TVHS, applied and was considered for the position, but the agency ultimately selected another applicant. IAF, Tab 1 at 1, Tab 2 at 2 (Standard Form 50), Tab 11, Subtabs 2d-2k.

---

[2] The merit promotion process is used when the position is to be filled by an employee of the agency or by an applicant already employed in the competitive service. *See* 5 C.F.R. § 335.103(b)(1); *see Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1382 (Fed. Cir. 2007).

¶3     The appellant challenged his nonselection to the Department of Labor (DOL) alleging a violation of his veterans' preference rights under VEOA and employment discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).[3]   IAF, Tab 1 at 17-19.   The appellant explained that he had been passed over for a nonveteran with no supervisory experience and that the selection panel had repeatedly passed over veterans for less or equally experienced nonveterans.  *Id.* at 19.  DOL closed the complaint effective March 18, 2014, without taking any corrective action because the vacancy announcement had only been open to current agency employees and therefore VEOA did not apply.  *See id.* at 7.

¶4     The appellant then filed an appeal with the Board on June 4, 2014, arguing that he was the most qualified candidate and that he had been improperly passed over because the selection panel had been biased against him and had failed to "operat[e] within the 1st and 2nd Merit Systems Principles."  *Id.* at 5.  He asserted that, although veterans' preference was inapplicable to the position he applied for, he should have been selected because he is a veteran and was the most qualified candidate for the position.  *Id.*

¶5     The administrative judge issued orders on timeliness and on the burdens of proof to establish jurisdiction under VEOA, and the appellant responded only to the order on timeliness.  IAF, Tabs 4-5, 8.  Without holding a hearing, the administrative judge dismissed the appellant's request for corrective action for failure to state a claim upon which relief could be granted.  IAF, Tab 12, Initial Decision (ID).  Specifically, he found that the vacancy announcement was open

---

[3] Although the appellant alleged a USERRA violation in his complaint to DOL, IAF, Tab 1 at 18, he did not mention it anywhere in his appeal to the Board or on petition for review, *see* IAF, Tabs 1, 5; Petition for Review (PFR) File, Tabs 1-2, 5.  Accordingly, we find that the appellant abandoned any USERRA claim.

only to current TVHS employees, and, therefore, veterans' preferences rights did not apply.[4] ID at 3-4.

¶6   The appellant has filed a petition for review, in which he asserts that his appeal was not based on a violation of his veterans' preference rights but rather on the agency's prohibited personnel practices, violations of merit systems principles, mismanagement of funds, and abuse of authority. PFR File, Tab 1 at 4. The agency has responded in opposition and the appellant has replied to the agency's response. PFR File, Tabs 4-5.

¶7   To the extent that the appellant's claim is based on an alleged violation of his veterans' preference rights under VEOA, we agree with the administrative judge that the appellant has failed to state a claim upon which relief may be granted. *See* ID at 3-4. The record reflects, and the parties do not dispute, that the appellant applied under a merit promotion vacancy announcement to which only current TVHS employees could apply.[5] *See* IAF, Tab 1, Tab 11, Subtab 1 at 1, Subtab 2*l*; *see also* PFR File, Tabs 1, 4-5. It is well-settled that an employee is not entitled to veterans' preference in the merit promotion process. *Perkins v. U.S. Postal Service*, [100 M.S.P.R. 48](#), ¶ 9 (2005). Accordingly, as the appellant has acknowledged, he is not entitled to veterans' preference under the circumstances present here. *See id.*; *see also* PFR File, Tab 1 at 4.

¶8   Insofar as the appellant seeks to challenge the agency's alleged prohibited personnel practices, violations of the merit systems principles, gross mismanagement, and abuse of authority, the Board lacks jurisdiction over such

---

[4] Because the appeal was dismissed for failure to state a claim, the administrative judge did not reach the timeliness issue. *See* ID at 2 n.1.

[5] Although the vacancy announcement indicated in one place that all United States citizens may apply, it specified that the position was "Full Time – Agency Employees Only" in the "position information" field and indicated under "key requirements" that the applicant must be a current TVHS employee. IAF, Tab 11, Subtab 2*l* at 3-4. Further, the appellant does not challenge the finding by DOL or the administrative judge that the position was only open to current TVHS employees. *See* PFR File, Tab 1 at 4; *see also* IAF, Tab 1 at 7; ID at 2, 4.

allegations. *See* PFR File, Tab 1 at 4, Tab 5 at 4-5. The merit system principles are not themselves a source of Board jurisdiction, nor is a nonselection an otherwise appealable action with respect to which the appellant could claim that the agency's alleged violation of merit system principles made its decision "not in accordance with law." *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 15 (2007); *see* 5 U.S.C. § 7701(c)(2)(C) (an otherwise appealable action cannot be sustained if the appellant shows that it is "not in accordance with law"). Similarly, absent an otherwise appealable action, the Board cannot consider the appellant's claim that the agency committed various prohibited personnel practices. *Davis*, 105 M.S.P.R. 604, ¶ 16. Finally, to the extent that the appellant seeks to base his claim on disclosures of gross mismanagement or abuse of authority, the appellant must first seek corrective action from the Office of Special Counsel (OSC). *Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 4 (2014). Here, the appellant has presented no evidence of exhaustion before OSC; accordingly, the Board lacks jurisdiction to hear his claims regarding abuse of authority or gross mismanagement. *See id.*

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.